# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1540V
Filed: November 20, 2018
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CORINN McELERNEY, | \* |
| Petitioner, | \* |
| v. | \* Interim attorneys' fees and costs decision; reasonable attorneys' fees and costs; respondent defers to Special Master's discretion |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* |
| Respondent. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Andrew D. Downing</u>, Phoenix, AZ, for petitioner.
<u>Meredith B. Healy</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 17, 2016, petitioners Dena and Patrick McElerney filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), on behalf of their minor child, Corinn McElerney, alleging Corinn suffered an adverse reaction after receiving Gardasil vaccinations on November 21, 2013 and January 23, 2014, and the flu mist vaccination on October 15, 2014. Pet. Preamble. As of October 23, 2018, Corinn is no longer a minor and is now the sole petitioner of her claim.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the Internet.** Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On November 3, 2018, petitioner filed a motion for interim attorneys' fees and costs. Petitioner requests $62,575.50 in interim attorneys' fees and $18,697.55 in interim attorneys' costs, for a total request of $81,273.05. Petitioner requests $747.70 in personal costs. Contemporaneously, petitioner also filed a motion for interim attorneys' fees and costs for her former counsel. Petitioner requests $20,372.70 in interim attorneys' fees and $525.32 in interim attorneys' costs, for a total request of $20,898.02 for her former counsel. Petitioner did not request personal costs in the motion for interim attorneys' fees and costs for prior counsel.

On November 19, 2018, respondent filed a response to petitioner's motions, deferring to the undersigned to determine whether petitioner has met the legal standard for interim fees and costs. Doc 73 at 2; Doc 74 at 2. Respondent did not raise objections to either motion and respectfully recommends that the undersigned rely on her prior experience and exercise her discretion to determine a reasonable award for interim attorneys' fees and costs. Doc 73 at 2-3; Doc 74 at 2-3.

## DISCUSSION

### I. Entitlement to Fees and Costs Under the Vaccine Act

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

### II. Reasonableness of Interim Attorneys' Fees

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d 1343, 1348. This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349). For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. See McCulloch v.Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Counsel must submit fee requests that include contemporaneous and specific

2

billing entries indicating the task performed, the number of hours expended on the task, and who performed the task.  See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id.  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### 1. Reasonable Hourly Rates

In her motion for interim attorneys' fees and costs for her current counsel, petitioner requests compensation for Mr. Downing at a rate of $350 per hour for time billed in 2016, $375 per hour for 2017, and $385 per hour for 2018.  Petitioner also requests compensation for Courtney Van Cott, attorney, at a rate of $195 per hour for time billed in 2017 and $205 in 2018.  These rates have been evaluated and awarded to Mr. Downing and Ms. Van Cott in other Vaccine Act cases.   Additionally, petitioner requests compensation for Danielle P. Avery, paralegal, at a rate of $100 for time billed in 2016 and $135 per hour for 2017 and 2018, and Robert W. Cain, whose job title was unstated, at a rate of $100 for time billed in 2016 and $135 in 2017.   The undersigned finds the requested rates reasonable.

In her motion for interim attorneys' fees and costs for her prior counsel, petitioner requests compensation for Sylvia Chin-Caplan, attorney, at a rate of $400 per hour for time billed in 2015 and 2016, for Christina Ciampolillo, attorney, at a rate of $300 per hour for time billed in 2015 and 2016, and for Lauren Faga, attorney, at a rate of $265 per hour for time billed in 2016. These rates have been evaluated and awarded to Ms. Chin-Caplan, Ms. Ciampolillo, and Ms. Faga in other Vaccine Act cases.   Petitioner also requests compensation for a paralegal rate of $135 per hour for time billed in 2015 and 2016 and for a law clerk rate of $145 per hour for time billed in 2016.   The undersigned finds the requested rates reasonable.

### 2. Reduction of Billable Hours

#### a. Duplicative Billing

The undersigned has previously found it reasonable to reduce the fees paid to petitioners due to duplicative billing and billing for intra-office communication.  Soto v. Sec'y of HHS, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); Carcamo v. Sec'y of HHS, No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011).   Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 209 (2009).

##### i. Current Counsel

After reviewing the billing records, the undersigned finds that counsel included entries that are duplicative due to both attorneys and paralegals billing for attending the same status conferences and communicating with each other regarding the same matters.   There were

3

duplicative billing entries for time billed for attending a status conference on April 3, 2017, September 21, 2017, October 23, 2017, and March 8, 2018. Further, there were duplicative billing entries for intra-office meetings to discuss the same matters on May 2, 2017 and May 15, 2017. These duplicative billing entries result in a **deduction of $550.00** of the fee award.

### ii. Former Counsel

After reviewing the billing records, the undersigned finds that counsel included entries that are duplicative due to both attorneys and paralegals billing for review of the same notices or documents and communicating with each other regarding the same matters. For example, both Ms. Chin-Caplan and her paralegal billed for case meeting on September 8, 2015, December 2, 2015, and December 22, 2015. Also, both Ms. Chin-Caplan and Ms. Ciampolillo billed for case meeting on July 11, 2016, July 27, 2016, August 9, 2016, August 10, 2016, August 30, 2016, and September 9, 2018. Lastly, both Ms. Ciampolillo and her paralegal billed for a case meeting regarding missing records on August 15, 2016. Accordingly, such duplicative billing entries will be deducted from the fee award, amounting to a **deduction of $561.00**.

### b. Clerical Tasks

It is firmly rooted that billing for clerical and other secretarial work is not permitted in the Vaccine Program. <u>Rochester v. United States</u>, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); <u>Mostovoy v. Sec'y of HHS</u>, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

### i. Current Counsel

Petitioner's current counsel's billing records contain multiple entries that are best characterized as administrative tasks. Throughout the billing invoices, paralegals billed 0.1 to 0.3 hours for tasks such as "scan all records to client file," "save records to file," "receive and review Notice of Assignment/Appearance," "receive, review, and process Court's ECF notification/Order," "receive and review minute entry following status conference held," and "note new deadline; confirm no conflict" after reviewing a one-page court order or scheduling a conference. Doc 70-1 (entries dated 11/14/16; 11/15/16; 11/16/16; 11/18/16; 11/21/16; 11/29/16; 12/14/16; 12/29/16; 1/17/17; 2/13/17; 2/15/17; 2/16/17; 3/21/17; 3/27/17; 4/3/17; 5/2/17; 6/1/17; 7/3/17; 7/7/17; 7/18/17; 9/18/17; 9/21/17; 10/23/17; 10/24/17; 11/21/17; 12/12/17; 12/14/17; 1/31/18; 2/26/18; 3/7/18; 5/21/18; 8/20/18; 9/12/18). These types of entries are clerical in nature and do not constitute billable time. Accordingly, such entries warrant a 10% deduction of Ms. Avery's total billed amount from the fee award, amounting to a **further reduction of $1,035.75.**

### ii. Former Counsel

Petitioner's former counsel's billing records also contain multiple entries that are best characterized as administrative tasks. Throughout the billing invoices, paralegals billed 0.2 hours for tasks such as "confirmed receipt of proper records; case file updated." Doc 71 (entries dated 3/16/16; 3/21/16; 3/24/16, 3/28/16, 3/30/16, 4/1/16; 4/25/16; 5/5/16; 5/9/16). These types of entries are clerical in nature and do not constitute billable time. Accordingly, such entries warrant a 10% deduction of the total amount billed by the paralegals from the fee award, amounting to a **further reduction of $674.10**.

### III.    Reasonableness of Requested Attorneys' Costs and Petitioner's Personal Costs

Petitioner requests $18,697.55 in attorneys' interim costs, which includes experts' fees and costs incurred thus far by Dr. Mitchell Miglis and Dr. James Wheeler, and $747.70 in petitioner's personal costs. Attorneys' costs must be reasonable. See Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). The undersigned finds petitioner's attorneys' costs and personal costs requests reasonable.

Petitioner also requests $525.32 for interim attorneys' costs for her former attorney. The undersigned also finds that this request is reasonable.

### CONCLUSION

The undersigned finds an award of interim attorneys' fees and costs appropriate. She also finds that the majority of the amounts petitioner requests in her applications for interim fees and costs for both prior and current counsel is reasonable. Therefore, the undersigned **GRANTS** petitioner's two motions for interim attorneys' fees and costs. **Accordingly, the court awards:**

   a. **$79,687.30**, representing interim attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and the law office of Van Cott & Talamante, PLLC, in the amount of **$79,687.30**;

   b. **$747.70**, representing petitioner's personal costs. The award shall be in the form of a check made payable to petitioner in the amount of **$747.70**; and

   c. **$19,662.92**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and the law office of Conway Homer, PC, in the amount of **$19,662.92.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated: <u>November 20, 2018</u>                                                             <u>/s/ Laura D. Millman</u>
                                                                                                             Laura D. Millman
                                                                                                             Special Master