# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1540V
Filed: July 28, 2020
UNPUBLISHED

|  |  |
|---|---|
| CORINN McELERNEY,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision<br>Dismissing Petition |

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On November 17, 2016, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging she suffered an adverse reaction, including autonomic nervous system dysregulation and postural orthostatic tachycardia syndrome ("POTS"), as a result of her Gardasil Human papillomavirus (HPV) vaccines administered on November 21, 2013, and January 23, 2014, and her flu mist vaccination administered on October 15, 2014.[2] (ECF No. 1.)

### I. Procedural History

This case was initially assigned to Special Master Millman. (ECF No. 4.) On September 14, 2017, respondent filed his Rule 4(c) report, recommending against compensation. (ECF No. 39.) Subsequently, petitioner filed an expert report from Dr. Mitchell Miglis to support her claim. (ECF No. 52; Ex. 58.) In response, respondent

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] Initially the petition was brought on behalf of petitioner by her parents as she was a minor at that time.

filed an expert report from Dr. William Talman.  (ECF No. 58; Ex. A.)  Thereafter the parties filed subsequent responsive supplemental expert reports from their respective experts.  (ECF Nos. 66, 85; Exs. 73, C.)  Additionally, respondent filed an expert report from Dr. James N. Moy.  (ECF No. 85; Ex. D.)

On June 6, 2020, this case was reassigned to my docket.  (ECF No. 90.)  On December 5, 2019, a status conference was held, where petitioner requested the opportunity to file an expert report from an immunologist to respond to Dr. Moy's report.  (ECF No. 92.)  On April 23, 2020, petitioner filed a report from Dr. Thomas Zizac.  (ECF No. 96; Ex. 81.)  On July 24, 2020, respondent filed a supplemental expert report from Dr. Moy.  (ECF No 104.)

On July 24, 2020, petitioner filed a motion for a decision dismissing the petition.  (ECF No. 103.)  Petitioner indicated that petitioner "has made the choice that she would like to opt out of the Vaccine Program in advance of the Court ruling on entitlement. She wishes to pursue a third party action in district court against Merck directly. This choice should not be viewed in any way that Petitioner does not believe in the merits of her claim or that her injuries are not a result of Gardasil." (ECF No. 103, p. 2.)  Petitioner "does intend to protect her rights to file a civil action." (*Id.* at 3.)

Respondent declined to file a formal response to the motion.  Respondent has confirmed, however, that he does not object to dismissal but does request that such dismissal be with prejudice.  (*See* informal remark filed July 24, 2020.)  In any event, petitioner acknowledges in her motion that this dismissal will be an adjudication on the merits ("Petitioner understands that the Special Master in the Dismissal Decision must make basic findings of fact and conclusions of law consistent with 42 U.S.C. § 300aa-12(d)(3)(A)(1)") and will result in a final judgment ("She has been advised that such a judgment will end all of her right in the Vaccine Program").  (ECF No. 103, pp. 2-3.)  Moreover, similar motions in other cases have resulted in dismissal with prejudice.  *Otto v. Sec'y of Health & Human Servs.*, No. 16-1144V, slip op. (Fed. Cl. Spec. Mstr. June 17, 2020).

**II.    Discussion**

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  No "Table Injury" was alleged in this case. Nor did an examination of the record uncover any evidence that petitioner suffered a "Table Injury."  Further, the record does

not contain preponderant evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). Although petitioner offered medical opinions, none of the medical opinions provided persuasive evidence supporting a finding of entitlement. Moreover, in this case, respondent filed competing medical opinions in the form of persuasive expert reports refuting petitioner's allegations. *See de Bazan v. Sec'y of Health & Human Servs.*, 539 F.3d 1347 (Fed. Cir. 2008) (Respondent's evidence that bears on petitioner's burden to prove a *prima facie* case should be considered even when the burden has not shifted to respondent).

Nor did petitioner present a reliable medical theory causally connecting petitioner's HPV vaccination to autonomic nervous system dysregulation or POTS. Notably, there have been a number of prior decisions within the Vaccine Program addressing and rejecting causal theories linking the HPV vaccine to POTS and/or autonomic nervous system dysfunction. *See, e.g., Johnson v. Sec'y of Health & Human Servs.*, No. 14-254V, 2018 WL 2051760 (Fed. Cl. Spec. Mstr. Mar. 23, 2018); *Combs v. Sec'y of Health & Human Servs.*, No.14-878V, 2018 WL 1581672 (Fed. Cl. Spec. Mstr. Feb. 15, 2018); *L.A.M. v. Sec'y of Health & Human Servs.*, No. 11-852V, 2017 WL 527576 (Fed. Cl. Spec. Mstr. Jan. 31, 2017); and *Turkopolis v. Sec'y of Health & Human Servs.*, No. 10-351V, 2014 WL 2872215 (Fed. Cl. Spec. Mstr. May 30, 2014). In *Balasco v. Secretary of Health & Human Services*, I previously found such a theory unpersuasive in another case based in part on opinions provided both Dr. Miglis and Dr. Talman, who also opine in this case. No. 17-215V, 2020 WL 1240917 (Fed. Cl. Spec. Mstr. Feb. 14, 2020). Petitioner has not provided any persuasive evidence that distinguishes this theory.

Therefore, I do not find that petitioner has met her burden in this case.

### III.    Conclusion

Petitioner's Motion for Decision Dismissing Petition is **GRANTED**. This petition is **DISMISSED with prejudice** for insufficient proof. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                            **s/Daniel T. Horner**
                                            Daniel T. Horner
                                            Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.