# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 2, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| CORINN McELERNEY, | * | No. 16-1540V |
| | * | Special Master Horner |
| Petitioners, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioners.
Kyle E. Pozza, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 17, 2016, petitioner filed a claim for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that petitioner suffered an adverse reaction, including autonomic nervous system dysregulation and postural orthostatic tachycardia syndrome as a result of her Gardasil Human Papillomavirus vaccines administered on November 21, 2013, and January 23, 2014, and her flu mist vaccination administered on October 15, 2014. (ECF No. 1). On July 28, 2020, I issued my decision denying compensation. (ECF No. 105).

On July 31, 2020, petitioners filed an application for final attorneys' fees and costs. (ECF No. 109) ("Fees App."). Petitioners request total attorneys' fees and costs in the amount

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$57,311.61 (representing $19,910.50 in fees and $37,401.11 in costs). Fees App. at 2.[3] Pursuant to General Order No. 9, petitioner states that she did not personally incur any expenses associated with this claim. *Id.* at 5. Respondent responded to the motion on August 12, 2020, stating that "[s]hould the Special Master be satisfied that the reasonable basis standard is met in this case, respondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs".[4] Resp. at 4 (ECF No. 110). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.    Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and

---

[3] Petitioner was previously awarded interim attorneys' fees on November 20, 2018. (ECF No. 76).

[4] Respondent notes that "[i]n regard to reasonable basis, respondent highlights this Court's Decision of July 28, 2020, stating that petitioner did not 'present a reliable medical theory casually connecting petitioner's HPV vaccination to autonomic nervous system dysregulation or POTS" and further noting that petitioner's expert in this case, Dr. Miglis, presented an identical theory which was rejected as unpersuasive in a similar case." Response at 3 n.3 (citing *Balasco v. Sec'y of Health & Human Servs.*, No. 17-215V, 2020 WL 1240917 (Fed. Cl. Spec. Mstr. Feb. 14, 2020). I was the special master who decided the *Balasco* case, and although I ruled in *Balasco* that Dr. Miglis' opinion did not provide preponderant evidence to support the petitioner's claim, I did ultimately award attorneys' fees and costs. Moreover, this case was filed long before *Balasco* was decided. Accordingly, I find that this case maintained reasonable basis throughout its duration.

reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[5]

Petitioners request compensation for their counsel at the following rates: for Mr. Andrew Downing, $385.00 per hour for work performed in 2018-2020, and for Ms. Courtney Van Cott, $205.00 per hour for work performed in 2018-2019, and $275.00 per hour for work performed in 2020. These rates are consistent with what Mr. Downing and Ms. Van Cott have previously been awarded for their Vaccine Program work, and I find them to be reasonable for the instant case.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review of the submitted billing records, I find the majority of the time billed to be reasonable. The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. However, a small reduction is necessary due to excessive paralegal time billed. Paralegals billed time on administrative tasks such as filing documents and handling

---

[5] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

payments for medical records. Paralegal time was also excessive for review of filings (e.g., 0.2 hours to review status reports and scheduling orders). These issues have previously been raised with the Van Cott & Talamante firm. *Sheridan v. Sec'y of Health & Human Servs.*, No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Moran v. Sec'y of Health & Human Servs.*, No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). Therefore, a reasonable reduction of $553.50 is being made for excessive billing for paralegal time.

Accordingly, petitioner is awarded final attorneys' fees of $19,357.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $37,401.11 in attorneys' costs. The majority of this amount is for work performed by petitioner's medical experts, Dr. Thomas Zizic and Dr. Mitchell Miglis, with the remainder for medical records and postage. Fees App. Ex. 1 at 17-18. The costs associated with Dr. Miglis and for medical records and postage are reasonable and shall be fully reimbursed. The amount requested for Dr. Zizic's work requires further discussion.

Dr. Zizic's billing records reflect that he spent one hour reviewing witness statements in this case, 30 hours reviewing over 10,000 pages of petitioner's medical records, and six hours drafting petitioner's complete medical history for his report. Fees App. Ex. 1 at 26. However, Dr. Zizic's report filed in this case contained no discussion of petitioner's own medical history and instead included only a discussion of general medicine related to vaccinations and POTS. Dr. Zizic offered no conclusion or opinion applying this general medicine to the facts of petitioner's medical history and instead deferred to Dr. Miglis for all case specific conclusions. Ex. 81 at 14 (ECF No. 96). Accordingly, the 37 hours devoted by Dr. Zizic to exploring petitioner's own medical history were not reasonably billed. Additionally, much of Dr. Zizic's 14-page report is devoted to simply summarizing the cited medical literature with minimal additional analysis. Moreover, much of the cited literature is well-known and has been cited in prior similar cases. Accordingly, it appears that Dr. Zizic's additional ten hours of drafting time and 30 hours of research time were excessive and warrant a further reduction of 25%. In sum, I will reimburse only 38.8 hours out of the 85.8 hours billed by Dr. Zizic. This results in a reduction of $18,800.00.

Petitioner is therefore awarded final attorneys' costs of $18,601.11.

## II. Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $19,910.50 |
|---|---|
| (Reduction to Fees) | - ($553.50) |
| **Total Attorneys' Fees Awarded** | **$19,357.00** |
| | |
| Attorneys' Costs Requested | $37,401.11 |

| (Reduction of Costs) | - ($18,800.00) |
|---|---|
| **Total Attorneys' Costs Awarded** | **$18,601.11** |
| | |
| **Total Attorneys' Fees and Costs** | **$37,958.11** |

    In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, I award a lump sum in the amount of $37,958.11, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Andrew Downing.**

    In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

    **IT IS SO ORDERED.**

s/Daniel T. Horner<br>Daniel T. Horner<br>Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).